**Barry McTiernan & Moore LLC**
COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/2020

# MEMORANDUM ENDORSED

April 27, 2020

**VIA ECF**
Judge Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

    Re:    Raymond and Diane Stecher v. Aerco International, Inc., et al.
              Case No.: 1:19 cv 08029-GHW
              Our File No.: CLB 64945

Dear Judge Woods:

I represent defendant Cleaver-Brooks, Inc. in this case. This letter is submitted jointly by plaintiff's counsel and the undersigned regarding a discovery dispute between the parties. Please permit this letter to serve as our request for a pre-motion conference pursuant to your Individual Rule 2.C.ii.

The parties met and conferred on several occasions as outlined below and we believe that we have narrowed the areas of dispute which require Your Honor's assistance.

Areas of Agreement

With Your Honor's approval, we have agreed to an extension of the fact discovery deadline to May 31, 2020. This will permit us to complete several outstanding party depositions. More specifically, in response to plaintiff's 30(b)(6) notice, Cleaver-Brooks is producing two witnesses on the following dates: John Tornetta on May 15, 2020 and Clancy Cornwall on May 28, 2020. The depositions will be held remotely. In response to defendant's notice of deposition, the plaintiffs will produce Mrs. Stecher for her deposition at a date to be agreed upon in May 2020.

Cleaver-Brooks has also pursued third-party discovery with Mr. Stecher's employer, the State of New York. The COVID-19 pandemic has delayed responses from the State. However, Plaintiffs' counsel has stipulated not to challenge the timeliness of such responses, should they arrive past May 31, 2020. Defendant also reserves the right to seek additional time to pursue the non-party discovery past May 31 should it be necessary. In particular, Defendant has asked for an inspection of the psychiatric hospital where Mr. Stecher worked. It is unlikely this will be completed by May 31 given the 'stay at home' orders issued by Governor Cuomo.

Meet and Confer

In compliance with Your Honor's Individual Rules 1A and 2.C.ii and Fed. R. Civ. P. 37(a)(1), the parties have emailed, corresponded and/or spoken regarding discovery responses and deposition notices. While the parties were able to resolve a number of issues as outlined above and other discovery already completed, after conferring in good faith we are unable to resolve several outstanding issues.

Pierre Ratzki sent letters dated February 6 and February 27, 2020. Suzanne Halbardier sent two letters dated February 13, one responding to plaintiff's counsel's February 6 letter. Copies of these letters are attached as Exhibits A, B, C and D. Suzanne Halbardier spoke with Pierre Ratzki on February 14 for 10 minutes, April 21 for 14 minutes and April 23 for 9 minutes. Suzanne Halbardier also spoke with Erik Jacobs on April 22 for 15 minutes.

Suzanne Halbardier exchanged emails with Pierre Ratzki on February 6, 11, 21, 24, March 25, 31 and April 19, 20, 21, 22, 23, 24 and 25. An email was exchanged with Erik Jacobs on April 8, 2020.

Defendant's Outstanding Issues with Plaintiff's Responses

Plaintiff's counsel served a discovery response to defendant's Interrogatories and Document Requests. Copies of these responses are attached as Exhibit E. There are two areas where defendant has requested a further response and plaintiff has refused.

Plaintiffs have served Cleaver-Brooks with a liability exhibit list and exhibits for Cleaver-Brooks, but have not provided a similar exhibit list and exhibits for other defendants. Upon information and belief, plaintiff served defendant specific exhibit lists on each of the defendants in this action but has refused to serve a copy of the lists or the exhibits on all counsel, somehow contending that they are not required to under the Federal Rules. Fed. R. Civ. P. 5(a)(1) states that orders, pleadings, discovery paper, written motions and written notices "must be served on every party." We believe that Fed. R. Civ. P. 5 requires the plaintiff to serve all documents on all counsel, unless otherwise ordered by the court. *E.g. Glick v. Koenig*, 766 F.2d 265, 269-70 (7th Cir. 1985).

For document response # 12 wherein Cleaver-Brooks sought discovery on plaintiff's punitive damages claim, plaintiffs respond that "(t)he evidence Plaintiffs intend to produce to prove punitive damages does not differ from the evidence supporting Plaintiffs' other claims." Exhibit E, p. 10. Cleaver-Brooks objected to this response, as it provided no detailed information and identified no documents. Plaintiffs identified 1068 exhibits on their State of the Art exhibit list, 132 exhibits on their AIA exhibit list and 447 exhibits on the Cleaver-Brooks exhibit list.[1]

In order for Cleaver-Brooks to evaluate the proof supporting plaintiff's punitive damages claim and consider the strength of a summary judgment motion, plaintiff must identify with sufficient particularity those documents and witnesses upon whom plaintiff intends to rely. Plaintiff's response is insufficient,

---

[1] Copies of these exhibit lists are available for the Court's review.

yet counsel has refused to respond with the responses Defendant is entitled to, or respond with sufficient specificity the basis for the punitive damages claim.

In addition, plaintiff served a supplemental/amended Rule 26(a)(1) initial disclosure on January 15, 2020, attached as Exhibit F. In Section II.3, plaintiffs identified their "Corporate Liability Witness List(s) as routinely served in Weitz & Luxenberg New York City Asbestos Litigation ("NYCAL") cases. We requested a copy of this for all defendants, but have not received it.

In Section IV.3, plaintiffs identify Plaintiffs' Defendant Specific Liability Exhibit List(s), as routinely served in Weitz & Luxenberg NYCAL cases." [2] Again, we requested a copy of all exhibit lists and exhibits, but plaintiffs have refused.

Finally, we sought an agreement that plaintiffs will provide the exhibits they intend to use 48 business hours prior to the depositions. I suggested this as a convenience for the court reporter, the witness and the attorneys. Since the depositions are being taken during the pandemic, and people have limited access to our normal assistants and offices, I believe such a procedure will help streamline the depositions. Plaintiffs will not agree.

Defendant's Outstanding Issue with Plaintiff's Deposition Notice

The plaintiff's 30(b)(6) deposition notice is attached as Exhibit G. Defendant sought to narrow the scope of the notice for Mr. Tornetta's deposition and raised this as an issue with plaintiff's counsel. Plaintiff's counsel has refused to consider any narrowing of the notice. Defendant thus seeks permission to file a protective order and narrow the scope of the deposition, as outlined it its letter dated February 13, 2020 (Exhibit B).

This lawsuit is not the only one filed by Weitz & Luxenberg against Cleaver-Brooks, Inc. Hundreds of lawsuits have been filed, and Cleaver-Brooks has produced Mr. Tornetta on multiple occasions for depositions. It is defendant's position that of the 12 subjects identified in plaintiff's 30(b)(6) notice, Mr. Tornetta has been questioned extensively about the first 11. Plaintiff's counsel has refused to discuss narrowing even one of these topics.

The Weitz firm has taken Mr. Tornetta's deposition in the following cases and dates: *Zaino* (NYCAL) April 7, 2003; *McCormick* (E.D.N.Y. 07 cv 67128) January 18, 2013; and *In Re New York City Asbestos Litigation (All Weitz & Luxenberg cases vs. Cleaver-Brooks, Inc.)* August 27, 28 and September 22, 2015. This last deposition addressed almost all of the topics identified in plaintiff's 30(b)(6) notice except for the last topic.

In addition, John Tornetta has been subpoenaed by Weitz & Luxenberg for purposes of providing trial testimony, and he has been questioned extensively regarding the client's history, the manufacture of Cleaver-Brooks' boilers, the use of asbestos and the knowledge of Cleaver-Brooks regarding the dangers of asbestos (## 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Exhibit A to plaintiff's 30(b)(6) notice). The cases and dates are as follows: *Zaugg* (NYCAL Index No. 19008/2010) February 24, 2012; *Assenzio* (NYCAL

---

[2] This may be the same group of exhibit lists as referenced earlier in this section.

– five cases joined) July 8, 9 and 11, 2013; *McCloskey* (Index No. 190441/2012) January 21, 2014; *Hillyer* (NYCAL) November 20, 2014; *Robaey* (NYCAL Index No. 190276/2013) December 12, 2016; and *Trumbull* (NYCAL) May 22,2018 (partial testimony).

In plaintiff's exhibit list served in this case, several of these depositions are identified, as well as depositions taken in other states by other plaintiff's counsel. In plaintiff's exhibit list served on April 24, exhibits 244, 284, 285, 286, 432, 433, 434 and 447 are deposition transcripts of Mr. Tornetta covering many of these same topics.

Plaintiffs' Response (Provided by Pierre Ratzki, of Weitz & Luxenberg, PC)

Plaintiffs have provided Cleaver-Brooks with the list of exhibits we intend to use to prove our claims against it at trial, which, in other actions, is generally not exchanged until the eve of trial. Plaintiffs have also disclosed to Cleaver-Brooks all discovery responses that other defendants have disclosed during fact discovery in this action.

Plaintiffs, however, are under no obligation to disclose the lists of documents pertaining to other entities. The lists are not specific to this action and do not consist of documents exchanged during fact discovery; instead, the lists are descriptions of historical documents relating to the liability of other entities, which have been compiled over the course of many years by Plaintiffs' firm, Weitz & Luxenberg, PC. The lists are thus not in the possession of *Plaintiffs*, the actual party to this action, but instead are only attorney work product, and are thus not discoverable. As Cleaver-Brooks is aware, this very issue has been brought before the New York City Asbestos Litigation ("NYCAL") Special Master, who has held that the lists are not discoverable. Cleaver-Brooks was, of course, free to pursue discovery directly from its co/cross-defendants, but chose not to.

Plaintiffs are also under no obligation to reveal which specific exhibits will be used to examine Cleaver-Brooks's corporate representatives in advance of their depositions. Again, Plaintiffs have already disclosed the liability documents they intend to use to prove their claims against Cleaver-Brooks, and have adequately revealed the scope of the deposition subjects; counsel has cited no rule that requires Plaintiffs' attorneys to reveal their questioning strategy any further prior to the depositions. As with the document list issue above, the NYCAL court has decided this issue before, in accord with Plaintiffs' current position. *See generally Slonim v. Altman Stage Lighting Co.*, 2019 WL 6997980 (N.Y. Sup. Ct. Dec. 20, 2019).

Plaintiffs are also justified in declining to stipulate to narrowing the subject matter of Mr. Tornetta's deposition. Plaintiffs do not intend to seek to extend the deposition past the federal rules' default 7-hour time limit. However, Plaintiffs must be permitted to probe Mr. Tornetta's knowledge of *all* liability issues relevant to this action and to Mr. Stecher's claims, particularly when Mr. Tornetta has not sat for a full deposition with Plaintiffs' firm in 5 years. Cleaver-Brooks cites no federal rule requiring Plaintiffs to narrow the scope of the deposition based on years-old disclosures in unrelated state-court actions. In other words, Cleaver-Brooks cannot use its removal of this case from the NYCAL docket as both a sword and shield.

To that same end, Plaintiffs have raised objections to Cleaver-Brooks' reliance throughout its interrogatory and document request responses (attached as Exhibits H and I) on "documents [that] were

previously made available to Plaintiff's counsel from March 11, 2015 through June 1, 2015 at Cleaver-Brooks' office in Milwaukee, WI." *See, e.g.*, Exhibit H at 9, 13, 14, 16, 18, 19, 22, 23, 24. Cleaver-Brooks has cited no federal rule permitting it to ignore its disclosure obligations in *this* action, and instead rely on unspecified disclosures in unrelated actions in another jurisdiction from many years ago. While Cleaver-Brooks has represented to Plaintiffs' counsel that it will only produce specific answers to these demands *at Plaintiffs' expense*, it has provided no justification for such a cost-shifting proposal. Plaintiffs are entitled to specific, contemporary responses to their demands, not a boilerplate answer pointing in the general direction of past disclosures made to Plaintiffs' law firm.

With regards to the punitive damages issue, Plaintiffs' answer is entirely appropriate at the discovery stage. It is well established that "the extent of [the asbestos defendant's] actual knowledge is relevant *both* to its failure to warn in the liability phase, *as well as* to intentional misconduct in the punitive damages phase of deliberation." *In re Joint E. & S. Districts Asbestos Litig.*, 1991 WL 4420, at *4 (E.D.N.Y. Jan. 11, 1991) (emphasis added).

Plaintiffs will, of course, seek to put on the strongest case possible against Cleaver-Brooks at every stage of trial; thus, in proving their failure-to-warn claims, Plaintiffs will not stop at establishing that Cleaver-Brooks was merely negligent, but instead intend to prove that Cleaver-Brooks had actual knowledge of the dangers of asbestos and acted with wanton disregard for the safety of its customers. Plaintiffs' response to Cleaver-Brooks's demand – that the same liability evidence will be used in both phases of the trial – is thus appropriate. In any event, Plaintiffs are under no obligation to reveal their trial strategy any further at the discovery stage, e.g., by singling out certain documents for certain purposes, especially given the inextricability of Plaintiffs' failure-to-warn and punitive damages claims.

<u>Defendant's Response Regarding Its Discovery Responses</u>

To the extent Defendant has referenced its earlier state court discovery responses, which are attached as Exhibit J, Cleaver-Brooks has identified with particularity responsive documents previously supplied to Cleaver-Brooks. As outlined in Defendant's February 13, 2020 letter, Cleaver-Brooks offered to provide another copy of the documents and discovery previously served. *See* Exhibit B.

Thank you for your consideration of this matter.

Respectfully submitted,<br>
BARRY McTIERNAN & MOORE LLC<br>
_____<br>
Suzanne M. Halbardier, Esq.

The Court will hold a telephone conference to discuss the issues raised in this letter on April 29, 2020 at 2:30 p.m. The parties are directed to consult the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for dial-in and other information. The parties--that is, all parties--are specifically directed to comply with Emergency Rule 2.C.

SO ORDERED.

Dated: April 27, 2020

_____<br>
GREGORY H. WOODS<br>
United States District Judge